UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. <u>19-cr-04642-MMA</u> |
| v. | ) | **ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |
| MARCOS ALFONSO GUERRERO VALENZUELA, | ) | |
| | ) | [Doc. No. 44] |
| Defendant. | ) | |

The Court hereby FINDS AS FOLLOWS:

1. Defendant is scheduled to appear for motion hearing / trial setting on March 3, 2021 at 2:00 p.m.

2. On March 17, 2020, the Chief Judge issued Order of the Chief Judge (OCJ) 18, declaring a judicial emergency for a period of 30 days under 18 U.S.C. § 3174 and setting forth Emergency Orders for the Southern District of California due to the COVID-19 public health emergency. That Order was subsequently amended and modified by OCJs 18-A and 22. On April 2, 2020, the Judicial Council of the Ninth Circuit ratified the judicial emergency declared in OCJ 18, and extended it for an additional period of up to one year. The Chief Judge has subsequently extended the Emergency Orders multiple times with OCJs 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14,

2020), 34 (August 14, 2020), 40 (September 14, 2020), 47 (October 14, 2020), 50 (November 16, 2020), 52 (December 7, 2020), 52-A (December 9, 2020), 52-B (January 4, 2021) and 52-C (January 13, 2021). Most recently, on February 2, 2021, the Order was extended for another 30 days by the Chief United States District Judge. See OCJ 60. These Orders, which are hereby incorporated by reference, was imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center and other detention facilities. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until March 8, 2021.

3. Given the grave public-health concerns discussed in Order of the Chief Judge Nos. 18, 24, 27, 30, 33, 34, 40, 47, 50, 52, 52-A, 52-B, 52-C, and 60, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

4. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

5. Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

6. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. For reasons stated in the joint motion, incorporated by reference herein, the Court also finds the ends of justice served by granting the requested continuance outweigh the best interest of the public and the Defendant in a speedy trial.

8. Accordingly, the Court finds that there are facts that support a continuance of the trial date or hearing date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The motion hearing / trial setting in this matter is continued from March 3, 2021 at 2:00 p.m. to **April 21, 2021 at 2:00 p.m.** in Courtroom 3D.

2. The time period of February 22, 2021 to April 21, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv), in addition to any time excludable, pursuant to 18 U.S.C. § 3161(h)(1)(F), resulting from pretrial motions already filed.

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED**.

DATE: February 22, 2021

HON. MICHAEL M. ANELLO
United States District Judge